Karen I. Boyd (State Bar No. 189808)
boyd@turnerboyd.com
Jennifer Seraphine (State Bar No. 245463)
seraphine@turnerboyd.com
Louis L. Wai (State Bar No. 295089)
wai@turnerboyd.com
TURNER BOYD LLP
702 Marshall Street, Suite 640
Redwood City, California 94063
Telephone: (650) 521-5930
Facsimile: (650) 521-5931

Morgan Chu (State Bar No. 70446)
mchu@irell.com
Alan J. Heinrich (State Bar No. 212782)
aheinrich@irell.com
Keith A. Orso (State Bar No. 217490)
korso@irell.com
Elizabeth C. Tuan (State Bar No. 295020)
etuan@irell.com
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

*Attorneys for Plaintiff Berkeley Lights, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERKELEY LIGHTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ABCELLERA BIOLOGICS INC. and LINEAGE BIOSCIENCES, INC., <br><br> Defendants. | CASE NO. 3:20-cv-5957 <br><br> **COMPLAINT FOR:** <br><br> (1) DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT; <br><br> (2) UNFAIR COMPETITION UNDER § 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125; AND <br><br> (3) UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, ET SEQ. <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Berkeley Lights, Inc. ("Berkeley Lights" or "Plaintiff"), by and through its undersigned counsel, hereby sets forth its Complaint against AbCellera Biologics Inc. ("AbCellera") and Lineage Biosciences, Inc. ("Lineage") (collectively "Defendants") and alleges as follows:

## NATURE OF THIS ACTION

1. This is an action for: (1) declaratory judgment of non-infringement of a United States patent pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the United States Patent Law, 35 U.S.C. § 1 *et seq.*; (2) unfair competition and false advertising pursuant to Lanham Act § 43(a), 15 U.S.C. § 1125; and (3) unfair business practices pursuant to California Business & Professions §§ 17200, *et seq*.

2. These claims arise from Defendants' false assertions that Berkeley Lights' technologies and products may infringe one or more United States patents, made in statements to both Berkeley Lights and to certain customers of Berkeley Lights. Defendants' assertions were and are baseless and deliberately misrepresent both (1) the scope and reach of the threatened patents and (2) Berkeley Lights' technologies and products. Upon information and belief, Defendants' assertions were made in an improper and unlawful attempt to coerce Berkeley Lights to license patents that it does not practice or infringe, or to cease the sale of certain products, by improperly interfering with Berkeley Lights' business activities.

3. When Berkeley Lights did not capitulate, defendant AbCellera filed a patent infringement action against Berkeley Lights. In its complaint in that action AbCellera did not, however, assert all of the patents with which it had threatened both Berkeley Lights and Berkeley Lights' customers. This omission underscores the intentional overreaching nature of Defendants' claims, and the knowing falsity of Defendants' assertions.

4. Accordingly, Berkeley Lights seeks a declaration that its technologies and products do not infringe U.S. Patent No. 10,058,839, and injunctive relief to stop Defendants' false statements and unfair competition.

## THE PARTIES

5. Plaintiff Berkeley Lights is a leader in Digital Cell Biology and cell selection technology, and an innovator in processes for functionally screening and recovering individual cells

for various biological processes, including antibody discovery, cell line development, T-cell analysis, and synthetic biology.

6. Berkeley Lights is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 5858 Horton Street, Suite 320, Emeryville, California 94608.

7. Upon information and belief, defendant AbCellera is a corporation organized and existing under the laws of the country of Canada and laws of the province of British Columbia, with its principal place of business at 2215 Yukon Street, Vancouver, British Columbia, Canada V5Y 0A1.

8. Upon information and belief, defendant Lineage is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2215 Yukon Street, Vancouver, British Columbia, Canada V5Y 0A1.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under the Declaratory Judgment Act, Title 28 U.S.C. § 2201 and 2202, and under the patent laws of the United States, Title 28 U.S.C. §§ 1331, 1338(a) and Title 35 U.S.C. §§ 1 *et seq.*, with respect to Berkeley Lights' claims for declaratory relief.

10. This Court has subject matter jurisdiction under the Lanham Act § 43(a), and more particularly under Title 28 U.S.C. § 1331 and 15 U.S.C. § 1125 *et. seq.*, with respect to Berkeley Lights' federal claims for unfair competition and false advertising.

11. This Court has supplemental jurisdiction over Berkeley Lights' state law unfair competition claim pursuant to 28 U.S.C. § 1367(a) because that claim is so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

12. This Court also has diversity jurisdiction under 28 U.S.C. § 1332(a).

13. This Court has personal jurisdiction over Defendants because Defendants transact business in the State of California, including by, upon information and belief, offering to provide and/or providing products and services in this judicial district and throughout the State of California.

14. Defendants have additionally directed their unlawful conduct that is the basis of this Complaint into this judicial district, including by directing their false representations to Berkeley Lights and certain customers of Berkeley Lights located in this district.

15. Upon information and belief, at least defendant AbCellera participated in a webinar program conducted by a Berkeley Lights' customer in this judicial district to obtain information regarding Berkeley Lights' technologies and products. Defendants then identified this presentation in making their false assertions regarding Berkeley Lights' technologies and products.

16. In August 2018, defendant AbCellera acquired defendant Lineage. Lineage was the applicant and is the current assignee of U.S. Patent No. 10,058,839 (the "'839 patent") at issue in this case. Upon information and belief, Lineage has maintained and may continue to maintain offices in this judicial district (in Palo Alto, California). Upon information and belief, two of the inventors on the '839 patent, Christian Fan and Edward Hutchins, are presently located in this District.

17. Upon information and belief, AbCellera secures, or has secured, financing from entities or individuals based in the Northern District of California, including, for example, the venture capital firm DCVC Bio.

18. Upon information and belief, AbCellera collaborates, or has collaborated, with companies in the Northern District of California, including for example Denali Therapeutics and Gilead Sciences.

19. Upon information and belief, one or more of Defendants' respective employees travel to, have traveled to, and/or are located in the Northern District of California.

20. Venue in this district is proper under 28 U.S.C. § 1391 on multiple grounds, at least including because a substantial part of the events or omissions giving rise to the claims occurred in this district.

### DEFENDANTS' UNLAWFUL CONDUCT

21. Beginning in October 2019, AbCellera contacted Berkeley Lights regarding Berkeley Lights' technologies and products, and regarding certain patents that AbCellera claims to control.

22. More specifically, AbCellera's General Counsel sent a letter to Berkeley Lights "inviting" Berkeley Lights to review AbCellera's "patent portfolio." *See* Exhibit A. AbCellera's correspondence lists a number of patents and also referenced "our issued U.S. patents and our pending applications which can be found using the USPTO's Public PAIR portal, some of which are presented below." *Id.*

23. The specific patents (and published patent applications) identified in Exhibit A included: U.S. Patent Nos. 9,188,593 (the "'593 patent"); 10,107,812 (the "'812 patent"); 10,274,494 (the "'494 patent"); 10,087,408 (the "'408 patent"); and 10,421,936 (the "'936 patent"); and U.S. Patent Application Publication No. 2019/0195874, which later issued as U.S. Patent No. 10,466,241 (the "'241 patent") (collectively, with the '839 patent and U.S. Patent No. 10,578,618 (the "'618 patent"), the "Threatened Patents"). *See* Exhibit A.

24. AbCellera has also contacted certain customers of Berkeley Lights regarding at least most of the Threatened Patents and Berkeley Lights' technologies and products. Upon information and belief, this contact began in or around December 2019, and continued at least through June 2020.

25. Specifically, AbCellera, again through its General Counsel, has sent correspondence to at least three Berkeley Lights' customers regarding their use of Berkeley Lights' technologies and products and the Threatened Patents. AbCellera has also discussed related issues with at least one additional customer.

26. For example, AbCellera sent written correspondence to at least one Berkeley Lights' customer stating, "[i]n light of your recent announcement on the acquisition of the Berkeley Lights Beacon™ instrument for single-cell antibody discovery, we would like to draw your attention to AbCellera's patent portfolio. Our global portfolio broadly covers the use [sic] high-throughput microfluidics for single cell antibody discovery and clone selection." Upon information and belief, AbCellera has made the same or similar statements to other Berkeley Lights customers.

27. On December 30, 2019, Berkeley Lights wrote to AbCellera to address AbCellera's letters to its customers. Berkeley Lights advised AbCellera that its statements regarding the scope of

the Threatened Patents were "highly misleading" and demanded that AbCellera "cease sending letters like these and making threatening and false statements." *See* Exhibit B.

28. AbCellera contacted Berkeley Lights by letter again in late January 2020. That letter again knowingly vastly overstates the scope and reach of the patents identified in its earlier correspondence, claiming: "our patent portfolio broadly covers methods for the use of microfluidic devices in performing single-cell secretion assays, the application of single-cell screening assays for antibody discovery, and the application of microfluidic single-cell assays for clone selection." *See* Exhibit C.

29. AbCellera also stated in its January 2020 letter that, "[w]e must assume that Berkeley Lights is interested in ensuring that its customers have unfettered ability to purchase and use Berkeley Lights' instruments for single-cell workflows and applications that have been and are being advertised." *See* Exhibit C.

30. Berkeley Lights again responded to AbCellera, by letter dated February 25, 2020, advising AbCellera that "we accepted your October 3, 2019 letter invitation to review AbCellera's patents and we see no freedom to operate ('FTO') issues. In light of our FTO conclusion, we do not see a compelling reason to coordinate a business meeting." *See* Exhibit D.

31. Still, AbCellera contacted Berkeley Lights again in April 2020. In this correspondence, AbCellera identifies two additional patents not included in its earlier correspondence, specifically the '618 and '839 patents. *See* Exhibit E. In its April 2020 letter, AbCellera also threatened, "[g]iven Berkeley Lights' widely known intentions to file an IPO, being transparent and forthright with the public, its clients, and with its stakeholders is paramount." *Id*.

32. AbCellera also continued to contact Berkeley Lights' customers. For example, in a May 2020 letter to one Berkeley Lights customer, AbCellera asserted that, "our patent estate has increased considerably and additional patents will be issuing soon that expand coverage over AbCellera's proprietary technologies" and that "AbCellera's patent portfolio covers single cell antibody discovery that may be embodied in the Berkeley Lights Beacon™ instrument."

33. Upon information and belief, the person or persons sending the above letters from AbCellera to Berkeley Lights and Berkeley Lights' customers did not have a reasonable basis to

believe that all statements and inferences to be drawn from them were true and accurate in all respects.

34. AbCellera's correspondence to Berkeley Lights and to Berkeley Lights' customers makes the clear – and false – implication that Berkeley Lights' technologies and products may infringe the Threatened Patents. Upon information and belief, AbCellera's interference with Berkeley Lights' customer relations is an improper and unlawful attempt to either pressure Berkeley Lights to negotiate an unnecessary license to the Threatened Patents, or to cause Berkeley Lights to cease the sale of certain product offerings.

35. Upon information and belief, defendant Lineage directly participated in drafting and/or sending AbCellera's letters to both Berkeley Lights and Berkeley Lights' customers. For example, AbCellera's April 2020 letter to Berkeley Lights was delivered by Federal Express, in an envelope that lists Lineage as the sender. *See* Exhibit F.

36. On July 9, 2020, AbCellera filed a complaint alleging that Berkeley Lights infringes certain of its patents, including the '812 patent, the '494 patent, the '241 patent, the '618 patent, the '962 patent, the '408 patent, the '936 patent, and the '018 patents. Notably, however, AbCellera did not allege infringement of all of the patents identified in its correspondence to Berkeley Lights and Berkeley Lights' customers, including specifically Lineage's '839 patent.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

37. Plaintiff Berkeley Lights incorporates by reference the allegations set forth above as though fully set forth herein.

38. Berkeley Lights does not directly, contributorily, or by inducement infringe any claim of the '839 patent, either literally or under the doctrine of equivalents.

39. Berkeley Lights' customers do not, through their use of Berkeley Lights' technologies or products, infringe any claim of the '839 patent, either literally or under the doctrine of equivalents.

40. Based on the acts, conduct, and statements of Defendants, there exists an actual and substantial controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Berkeley

Lights and the Defendants as to whether Berkeley Lights or any of the products made, used, sold and/or offered for sale by Berkeley Lights infringes the '839 patent.

41. The existing controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement.

42. Upon information and belief, absent a declaration of non-infringement, the Defendants will continue to wrongfully assert the '839 patent against Berkeley Lights and others, including Berkeley Lights' customers, in violation of the laws and contrary to the public policy of the United States, and the Defendants will, thereby, continue to cause Berkeley Lights irreparable injury and damage.

43. A judicial determination on these disputes is necessary and appropriate at this time so that the parties may ascertain their respective rights and obligations with respect to the '839 patent and any past, present or future manufacture, use, importation, distribution, sale or offer for sale of Berkeley Lights' products.

## COUNT II

## UNFAIR COMPETITION UNDER LANHAM ACT § 43(A), 15 U.S.C. § 1125

44. Plaintiff Berkeley Lights incorporates by reference the allegations set forth above as though fully set forth herein.

45. Defendants have made false statements of fact about the Threatened Patents and about Berkeley Lights' technologies and products, including false statements to Berkeley Lights' customers.

46. Defendants' statements were false and misleading representations of a material fact that constituted commercial advertising and promotion.

47. Defendants' statements misrepresented the nature, qualities, and/or characteristics of the Threatened Patents and/or Berkeley Lights' technologies and products.

48. Defendants' statements actually deceived and/or had the tendency to deceive a substantial segment of the intended audience.

49. Defendants caused their statements to enter interstate commerce, including by transmitting them from Vancouver, British Columbia, Canada into various states in the United States, including at least California, Massachusetts, and Indiana.

50. Defendants' false statements were made in bad faith as they were intended to interfere with Berkeley Lights' economic relationships, and because Defendants knew or should have known that the Threatened Patents do not cover Berkeley Lights' technologies and products.

51. Defendants' false statements have caused or are likely to cause competitive or commercial injury to Berkeley Lights.

52. Defendants' conduct, as described above, was and continues to be so willful, deliberate, wanton, and in such reckless and conscious disregard of the rights of Berkeley Lights and others as to make this an "exceptional" case under 15 U.S.C. § 1117.

## COUNT III

## UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE §§ 17200, ET SEQ.

53. Plaintiff Berkeley Lights incorporates by reference the allegations set forth above as though fully set forth herein.

54. Defendants have committed and will continue to commit unlawful, unfair or fraudulent business acts or practices, and unfair, deceptive, untrue or misleading advertising in violation of California Business & Professions Code §§ 17200, *et seq*.

55. Defendants have made false and misleading statements about the Threatened Patents and about Berkeley Lights' technologies and products in commercial speech.

56. Specifically, Defendants have made false statements in commercial speech regarding the scope of the Threatened Patents, improperly misrepresenting their scope and reach as it relates to Berkeley Lights' technologies and products, and intending to and thereby wrongfully inhibiting competition in the marketplace.

57. This cause of action expressly excludes as a basis for liability AbCellera's litigation activities and non-commercial speech.

58. As a result of the Defendants' wrongful acts, Berkeley Lights has suffered damages, including diminution in the value of its business, and damage to its reputation and goodwill.

59. Upon information and belief, Defendants' conduct was fraudulent, oppressive and/or malicious, giving rise to an award of punitive damages.

60. Unless the Defendants are restrained from continuing their unfair, unlawful, fraudulent, and/or misleading practices, Berkeley Lights will suffer irreparable injury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgement as follows:

61. That judgment be entered in favor of Plaintiff Berkeley Lights and against the Defendants;

62. That the Court declare that Berkeley Lights' case against the Defendants is an exceptional case under 35 U.S.C. § 285;

63. That, on the First Count, the Court makes a declaration that Berkeley Lights does not infringe, directly, contributorily, or by inducement, literally or under the doctrine of equivalents, any claim of the '839 patent;

64. That, on the Second Count, Berkeley Lights be awarded damages, multiplied for the Defendants' willful misconduct, and injunctive relief baring further violations of the Lanham Act as alleged herein;

65. That, on the Third Count, Berkeley Lights be awarded damages, punitive damages, and injunctive relief barring further unfair competition as alleged herein;

66. That Berkeley Lights be awarded pre-judgment and post-judgment interest at the applicable legal rate;

67. That Berkeley Lights be awarded costs, expenses, and attorneys' fees, as appropriate; and

68. That the Court award Berkeley Lights such other and further relief as this Court may deem just and appropriate.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury of all claims for which it has the right thereto.

| | |
|---|---|
| Dated: August 24, 2020 | Respectfully submitted, |
| | TURNER BOYD LLP |
| | */s/ Jennifer Seraphine* |
| | Karen I. Boyd (State Bar No. 189808)<br>boyd@turnerboyd.com<br>Jennifer Seraphine (State Bar No. 245463)<br>seraphine@turnerboyd.com<br>Louis L. Wai (State Bar No. 295089)<br>wai@turnerboyd.com<br>TURNER BOYD LLP<br>702 Marshall Street, Suite 640<br>Redwood City, California 9063<br>Telephone: (650) 521-5930 |
| | Morgan Chu (State Bar No. 70446)<br>mchu@irell.com<br>Alan J. Heinrich (State Bar No. 212782)<br>aheinrich@irell.com<br>Keith A. Orso (State Bar No. 217490)<br>korso@irell.com<br>Elizabeth C. Tuan (State Bar No. 295020)<br>etuan@irell.com<br>IRELL & MANELLA LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, California 90067<br>Telephone: (310) 277-1010 |
| | *Attorneys for Plaintiff* |

COMPLAINT　　　　　　　　　　　　　　　　　　　　　　　　　CASE NO. 3:20-CV-5957